**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

In Re:
Northern Automotive Enterprises, Inc., Civil No. 02-853 (RHK/RLE)

Debtor.

---

This matter comes before the Court on Northern Auto Enterprises, Inc.'s (the "Debtor") Motion to Withdraw the Reference of the Chapter 11 Proceeding. The United States Trustee opposes the Motion.[1] For the reasons set forth below, the Motion will be denied.

On April 1, 2002, Debtor filed a voluntary petition for Bankruptcy under Chapter 11.

On April 15, Debtor filed motions with the Bankruptcy Court for emergency use of cash collateral and offer of adequate protection and to extend the time within which to file its schedules and statement of affairs. The United States Trustee filed a motion to dismiss or convert the case. A hearing was held before United States Bankruptcy Judge Robert C. Kressel in Duluth, Minnesota, on April 22, 2002. At that hearing, Judge Kressel granted the United States Trustee's motion to dismiss the bankruptcy petition. Subsequently, Debtor filed an appeal with the Bankruptcy Appellate Panel under 28 U.S.C. § 158(a) and (b).

---

[1]Debtor was given the opportunity to file a responsive brief to the United States Trustee's opposition, but failed to do so.

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. JUL 31 2002
DEPUTY CLERK

A "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on *timely motion* of any party, for cause shown." 28 U.S.C. § 157(d) (emphasis added). Debtor seeks to have this Court withdraw its action from the Bankruptcy Court because it claims that it was denied its due process rights at the April 22, 2002 hearing before Judge Kressel.

The Bankruptcy Court, however, has already dismissed Debtor's petition without prejudice, and Debtor has filed a petition to review with the Bankruptcy Appellate Panel. Under these circumstances, Debtor's motion to withdraw the reference is not timely. See e.g., In re Mandalay Shores Cooperative Housing Assoc., Inc., 58 B.R. 586, 587 (E.D. Ill. 1986) (stating that although Bankruptcy Code does not specify when motion to withdraw reference must be filed, it must precede dismissal of bankruptcy proceedings); In re Pruitt, 910 F.2d 1160, 1168 (5th Cir. 1990) (discussing jurisdictional issues with motion to withdraw the reference after an appeal was made).

Upon all the files, records, and proceedings herein, and for the reasons stated above, **IT IS ORDERED** that the Motion to Withdraw the Reference of the Chapter 11 Proceeding is **DENIED.**[2]

Dated: July 31, 2002

RICHARD H. KYLE
United States District Judge

[2]In view of the Court's resolution of the Motion, it is not necessary to discuss whether Debtor has shown "cause" for the requested withdrawal, or whether it has complied with Local Rule 5011-1 requiring submission, in the first instance, of requests for withdrawal of reference to the Bankruptcy Court. It would appear, however, that either of the foregoing would have been grounds for denying the Motion.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;' or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995